UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------X  
BRIAN KEITH DUDLEY,

                Plaintiff,

    -against-

PAUL R. MCDOUGAL,

                Defendant.  
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**  
16-CV-4348 (JMA)(AYS)

**AZRACK, United States District Judge:**

    On August 3, 2016, incarcerated *pro se* plaintiff Brian Keith Dudley ("plaintiff") filed an *in forma pauperis* complaint in this Court against the brother of plaintiff's victim in an underlying state court criminal case, Paul R. McDougal ("defendant"), purporting to allege a deprivation of his civil rights pursuant to 28 U.S.C. § 1983 ("Section 1983"). Upon review of the plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified by his financial status to file the complaint without prepayment of the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### I. BACKGROUND

    All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

    Plaintiff seeks to sue defendant, who is alleged to have commenced a wrongful death action against the plaintiff in state court arising from the death of Walter A. McDougal. Plaintiff alleges that he struck and killed pedestrian Walter A. McDougal ("Walter") with his vehicle on

December 28, 2013 while Walter was crossing the street. Plaintiff claims that the defendant, individually and on behalf of Walter's estate, is seeking to recover damages from plaintiff including the costs of the decedent's funeral and burial expenses. (See State Court Civil Complaint, Index No. 15-010922, annexed to the Compl. as Ex. A.) Plaintiff claims that the defendant has defrauded the state court by seeking reimbursement for expenses not actually incurred. Accordingly, plaintiff seeks to recover a punitive damages award here of $250,000 in addition to an award of restitution in an unspecified sum. (See Compl. ¶ V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as

raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Milan v. Wertheimer, 808 F.3d 961, 964 (2015)

3

(internal quotation and citation omitted); see also Rehberg v. Paulk, 566 U.S. 356, 359-62 (2012). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

**D.     Application to Plaintiff's Complaint**

Here, plaintiff's Section 1983 claim is implausible because the defendant is a private person who does not act under color of state law. As noted above, in order to state a Section 1983 claim, a plaintiff must allege, *inter alia,* that the conduct challenged was "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted). Here, the sole defendant is alleged to be plaintiff's victim's brother. Thus, because defendant is a private actor who does not act under color of state law, plaintiff's Section 1983 claim against him is implausible.

Private actors may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)). Here, as is readily apparent, plaintiff has not alleged any facts from which the Court could liberally construe joint action by defendant with a state actor or that the defendant conspired with a state

4

actor to deprive plaintiff of some constitutional right. Thus, plaintiff has not plausibly alleged joint action or a conspiracy claim. Because the defendant is not a state actor, there is no legal basis for a Section 1983 claim against him. Accordingly, plaintiff's Section 1983 claim fails as a matter of law, and is, thus, dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).[2]

### III.   CONCLUSION

For the forgoing reasons, plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to *pro se* plaintiff.

**SO ORDERED.**                                                     ____/s/ (JMA)_____
                                                                                    Joan M. Azrack
Dated:   May 4, 2017                                                   United States District Judge
             Central Islip, New York

---

[2] The Court also notes that although plaintiff has used the Court's Section 1983 complaint form, he has not alleged any constitutional deprivation. Accordingly, apart from the absence of state action, his complaint fails for this additional reason.